**Oscar D. TIJERINA, Plaintiff—Appellant,**

v.

**DEPARTMENT OF ENERGY, being sued as Spencer Abraham, Secretary, U.S. Department of Energy, Defendant—Appellee,**

**and**

**Kay Coles James, Director, U.S. Office of Personnel Management, Defendant.**

No. 03–35570.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided May 3, 2005.

Mark Morrell, Esq., Portland, OR, for Plaintiff—Appellant.

Herbert C. Sundby, Esq., Judith D. Kobbervig, AUSA, USPO—Office of the U.S. Attorney, Portland, OR, for Defendant—Appellee.

---

Before: T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

To present a timely claim under Title VII of the Civil Rights Act, an employee must exhaust his administrative remedies by contacting an Equal Employment Opportunity (EEO) counselor "within 45 days of the date of the matter alleged to be discriminatory or ... within 45 days of the effective date of the [personnel] action." 29 C.F.R. § 1614.105(a)(1). Appellant Oscar D. Tijerina concedes that his employer discriminated against him by denying him a promotion in November, 1996. Tijerina also admits he did not contact an EEO counselor until January, 2001. Because Tijerina failed to contact a counselor within the 45–day limitations period, his claims are time-barred.

We are not persuaded by Tijerina's contentions that his claims are saved by the continuing violations and equitable estoppel doctrines. The continuing violations theory is inapplicable to discrete acts such as failure to promote. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). And for the reasons stated by the district court, application of tolling and equitable estoppel principles is unwarranted.

AFFIRMED.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

